UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61927-BLOOM

J.J. RISSELL, ALLENTOWN PA,
TRUST, and JOHN MOFFA,

    Appellants,

v.

SONEET KAPILA,

    Appellee.
_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** is before the Court upon the Motion to Dismiss Appeal, ECF No. [9] (the "Motion"), filed by Appellee Soneet R. Kapila ("Appellee" or "Kapila"). Appellant John Moffa ("Appellant" or "Moffa") filed a response, ECF No. [11], to which Kapila filed a reply, ECF No. [14]. The Court has carefully considered the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court determines that this appeal should be dismissed.

**I.    BACKGROUND**

This case involves an appeal from an order in an underlying bankruptcy proceeding pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq*. *See In re: Fisherman's Pier, Inc*., Case No. 17-22819-RBR (the "Bankruptcy Case"). The following are the facts relevant to this appeal. On October 23, 2017, Fisherman's Pier, Inc. (the "Debtor") filed a Voluntary Petition under Chapter 11. *See* BK ECF No. [1].[1] On December 14, 2017, the Bankruptcy Court entered an order appointing Appellee as the Chapter 11 trustee. BK ECF Nos.

---

[1] The Court will refer to docket entries in the Bankruptcy Case as "BK ECF," and docket entries in the instant appeal as "ECF."

[119], [122]. On May 2, 2018, Appellee and Spiro Marchelos, a 50% stockholder of the Debtor and co-plan proponent, filed the First Amended Chapter 11 Plan of Reorganization (the "Plan") and associated disclosure statement. BK ECF Nos. [287], [288]. Thereafter, Appellee and Marchelos modified the Plan and disclosure statement, and the Bankruptcy Court scheduled a confirmation hearing to be held on July 31, 2018. BK ECF No. [319].

One week before the scheduled confirmation hearing, Appellee filed a motion to approve an option agreement pursuant to 11 U.S.C. § 363, BK ECF No. [404] (the "Option Motion"), and requested an expedited hearing to take place at the same time as the confirmation hearing. Essentially, the Option Motion sought the Bankruptcy Court's approval of a lease for a portion of the Debtor's property, which included an option exercisable post-confirmation to purchase the property for $6 million. Following the hearing, the Bankruptcy Court granted the Option Motion and approved the lease with option on August 2, 2018. BK ECF No. [440] ("Option Order"). On August 8, 2018, the Bankruptcy Court entered an order confirming the Plan, BK ECF No. [455] ("Confirmation Order"). On August 17, 2018, Appellant filed his notice of appeal, ECF No. [1], of the Option Order.

In this appeal, Appellant takes issue with the procedure undertaken by Appellee and the Bankruptcy Court that ultimately led to entry of the Option Order, claiming that notice was insufficient, and therefore, that there was no opportunity to object to the Option Motion. In the instant Motion, Appellee argues that this appeal should be dismissed as both statutorily and equitably moot.[2]

---

[2] Appellee filed a motion to disqualify Appellant as counsel for the J.J. Rissell, Allentown, PA, Trust, ECF No. [15], based upon a series of orders entered by the Bankruptcy Court disqualifying Appellant as counsel in the underlying bankruptcy due to a conflict of interest. *See* BK ECF Nos. [210], [250], and [330] ("Disqualification Order"). Appellant has also filed a separate appeal of the Disqualification Order, which is currently pending before the undersigned. *See* Case No. 18-cv-61422-BB. In addition, Appellant has filed a separate appeal of the Confirmation Order, which is currently pending before Judge Williams. *See* Case No. 18-cv-61945-KMW.

## II. ANALYSIS

In the notice of appeal, ECF No. [1], Appellant asserts that the instant appeal is filed pursuant to 28 U.S.C. § 158(a)(1). And although the parties do not appear to dispute that the Court has jurisdiction in this case, the Court nevertheless is obligated to consider jurisdiction "even if it means raising the issue *sua sponte*." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citing *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)).

Pursuant to 28 U.S.C. § 158(a), the district courts have jurisdiction to hear appeals from final judgments and orders, and interlocutory orders of the bankruptcy judges, with prior leave of court. 28 U.S.C. § 158(a)(1),(3). While finality is a more flexible concept in bankruptcy, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136. Indeed, to be final, "a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id*. at 1136-37 (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotations omitted). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id*. at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (internal quotations omitted).

Upon review, contrary to Appellant's conclusory statement of jurisdiction, the Court does not have jurisdiction to review the Option Order under § 158(a)(1) because the Option Order is not a final order of the Bankruptcy Court. Although the Option Order resolved the issue of permissibility under 11 U.S.C. § 363 of the lease containing an option exercisable following Plan

confirmation, it cannot be properly considered a final order. Unlike an order approving an immediate sale of assets, the Option Order does not immediately and permanently transfer property rights. *Cf. In re TLFO, LLC* 572 B.R. 391, 429 (Bankr. S.D. Fla. 2016) ("An order from a bankruptcy court approving the sale of assets represents a final appealable judicial order and transfers property rights which are good against the world."); *In re MMH Auto. Grp.*, 385 B.R. 347, 355 (Bankr. S.D. Fla. 2008) (same). Moreover, as noted by Appellee, Debtor's business is leasing real property, *see* Reply, ECF No. [14] at 2-3, and pursuant to § 363, "the trustee may enter into transactions, including the sale or lease of property of the estate, **in the ordinary course of business**, without notice or a hearing . . . ." 11 U.S.C. § 363(c)(1) (emphasis added). Thus, it appears that even though Appellee sought the Court's approval of the lease, it may not have been required. Further complicating the procedural posture of this appeal is the fact that, properly viewed, the Option Order constitutes part of the Plan, as opposed to a standalone order. Indeed, Appellee asserted in his Option Motion that the key money under the lease and the option "are an integral component of confirmation." ECF No. [10] at 63 (BK ECF No. 404 ¶ 14).

However, even assuming that the Option Order is final, Appellee's argument that this appeal is moot is well-taken. Pursuant to § 363, the Option Order had to be stayed in order to effectively challenge its validity on appeal. *See* 11 U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization under subsection (b) of (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."). Appellant hopes to avoid the application of this subsection by arguing that this appeal

seeks to challenge the Option Order on the basis that the lessee/optionee was not a good faith lessee/optionee. Response, ECF No. [11] ¶ 14. Nevertheless, "[t]he plain language of § 363(m) states that an appellate court order cannot invalidate a sale that the bankruptcy court authorized unless such authorization and such sale . . . were stayed pending appeal," regardless of whether the authorization is correct. *In re Steffen*, 552 F. App'x 946, 949, n.3 (11th Cir. 2014) (citation omitted). In the instant case, it is undisputed that Appellant did not request that the lease be stayed. Furthermore, Appellant does not contend that it lacked notice of the hearing, and indeed was represented at the hearing, *see* ECF No. [14] at 11, where Appellant presented its objection to the Option Motion before the Bankruptcy Court, *id.* at 15, which the Court ultimately overruled. BK ECF No. [440]. Accordingly, this appeal is moot.

Because the Court finds that the appeal is moot due to Appellant's failure to obtain a stay of the lease under 11 U.S.C. § 363(m), the Court does not consider Appellee's remaining argument regarding equitable mootness..

### III. CONCLUSION

Accordingly, this appeal is **DISMISSED** as moot, and for lack of jurisdiction. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record