UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61927-BLOOM

J.J. RISSELL, ALLENTOWN PA,
TRUST, and JOHN MOFFA,

    Appellants,

v.

SONEET KAPILA,

    Appellee.
_____/

## ORDER ON MOTION FOR REHEARING

**THIS CAUSE** is before the Court upon Appellant John Moffa's ("Appellant") Motion for Rehearing of Court's Order Dismissing Appeal, ECF No. [20] ("Motion"). Appellee Soneet R. Kapila ("Appellee") filed a response, ECF No. [23], to which Appellant filed a reply, ECF No. [24]. The Court has considered the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Appellant's Motion is denied.

A detailed recitation of the relevant factual background is set forth in the Court's Order Dismissing Appeal, ECF No. [19] ("Order"). For purposes of the instant Motion, the necessary facts are limited. Appellant filed a notice of appeal of the Bankruptcy Court's underlying Order Approving Trustee's Motion to Approve Option Agreement Pursuant to 11 U.S.C. § 363, ECF No. [1] ("Option Order"). Thereafter, Appellee filed a motion to dismiss the appeal, arguing that the appeal was statutorily and equitable moot because the Option Order was not stayed pending appeal under § 363(m) and the Appellee had substantially consummated the Second Amended Joint Plan of Reorganization of Trustee and Co-Plan Proponent (the "Plan") approved by the

Bankruptcy Court. *See* ECF No. [9] ("Motion to Dismiss"). After thorough review, the Court determined in its Order that the Option Order was not a final order of the Bankruptcy Court, and that even assuming it was a final order, the appeal was moot based upon Appellant's failure to request a stay of the lease containing the option pursuant to § 363(m).[1] Appellant now seeks rehearing of the Court's Order.

A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "Bankruptcy Rule 8022 (formerly 8015) is silent regarding the standard for granting a rehearing motion." *Tucker v. Mukamal*, Case No. 13-mc-23425-MARRA, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015). However, courts in the Eleventh Circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.*; *see also In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009). A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to

---

[1] Because the Court found that the appeal was moot pursuant to the statute, it did not consider Appellee's remaining argument regarding equitable mootness.

correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Appellant argues that contrary to the Court's findings in the Order, the Option Order was final, the Appellee could not sell the option without the Bankruptcy Court's approval, and that § 363(m) does not apply in this case as the Option Order was stayed automatically by Federal Rule of Bankruptcy Procedure 6004(h).[2] Upon review, the Court determines that Appellant's arguments for rehearing lack merit, as Appellant is simply disagreeing with the Court's Order. Appellant's second argument is inconsistent with the record in that Appellee sought and obtained the Bankruptcy Court's approval of the lease containing the option, which is what led to the entry of the Option Order. Moreover, even assuming that the Court incorrectly determined that

---

[2] In addition, Appellant argues in his Reply that the Court made several findings of fact and conclusions of law in its Order that were not asserted in the Motion to Dismiss. This includes that the Option Order is not final, that the Appellee's sale of an option was in the ordinary course of business, and that no property rights were immediately and permanently transferred upon entry of the Option Order, which constitute rulings outside of the adversarial issues presented by the parties. *See* ECF No. [24]. Appellant's contentions are not well-taken. First, the Court's determination regarding the effect and finality of the Option Order relates to the Court's jurisdiction over this appeal, and a proper inquiry, regardless of whether the parties raised the issue. *See In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (noting that the Court is obligated to consider jurisdiction "even if it means raising the issue *sua sponte*.") (citation omitted). Second, the Court did not determine that the lease containing the option was in the ordinary course, but simply noted that "even though Appellee sought the Court's approval of the lease, it may not have been required" based upon a reading of the statute. ECF No. [19] at 4.

the Option Order was a final order, the Court nevertheless concluded that the appeal was statutorily moot under § 363(m) for Appellant's failure to seek a stay of the lease approved through the Option Order. Notably, in response to Appellee's statutory mootness argument in the Motion to Dismiss, Appellant argued only that § 363(m) does not apply in this matter because in his view, there was no good faith purchaser. *See* ECF No. [11] at 4. Now, for the first time in the Motion, Appellant makes the novel argument that § 363(m) does not apply because the lease was stayed automatically under the Bankruptcy Rules. *See* Fed. R. Bankr. P. 6004(h) ("An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."). However, this argument was available to Appellant in response to the Motion to Dismiss and he neglected to assert it. As a result, the Court will not entertain it in the first instance in the context of a motion for rehearing or reconsideration. *See Resolution Tr.Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it[.]").

Accordingly, Appellant's Motion, **ECF No. [20]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record